**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1797
_____

CUI FANG YANG,

Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent
_____

On Petition for Review of a Final Order of
The Board of Immigration Appeals
(Agency No. A098-491-298)

Submitted January 28, 2011

Before:  FUENTES, CHAGARES, and ROTH, Circuit Judges.

(Filed: February 8, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Cui Fang Yang petitions for review of a final order of removal issued by the Board

of Immigration Appeals ("BIA") on February 20, 2009, which denied her applications for

asylum, withholding of removal, and relief under the Convention Against Torture

("CAT").  For the reasons stated below, we will deny the petition.

## I.

Because we solely write for the parties, we will only briefly summarize the essential facts. Yang is a native and citizen of the People's Republic of China. She entered the United States on October 10, 2004, and was subsequently detained by immigration officials. On October 20, 2004, a Department of Homeland Security ("DHS") official interviewed Yang with the assistance of a Mandarin translator. On October 26, 2004 and November 10, 2004, an asylum officer conducted a ninety-minute "credible fear interview" with the benefit of a translator.

On December 9, 2004, the DHS commenced removal proceedings and filed a Notice to Appear charging Yang with removability under 8 U.S.C. § 1182(a)(7)(A)(i)(I). Yang conceded removability and applied for asylum, withholding of removal, and relief under CAT. Thereafter, Yang submitted a written asylum application and testified before the Immigration Judge ("IJ").

The IJ made an adverse credibility determination and denied Yang's applications for relief from removal on November 17, 2006. The BIA affirmed the IJ's decision on February 20, 2009. Yang now presents a petition for review.

## II.

We have jurisdiction to review the BIA's final order of removal. 8 U.S.C. § 1252(a). Specifically, 8 U.S.C. § 1252(a)(2)(D), amended by the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, grants this Court jurisdiction to review all constitutional claims or questions of law raised upon a properly filed petition for review. In cases such as this, where the BIA adopts the IJ's findings but issues its own decision,

we review the BIA's decision and the IJ's decision to the extent it was relied upon by the BIA. Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009).

We review adverse credibility determinations under a "substantial evidence standard." Xie v. Ashcroft, 359 F.3d 239, 243 (3d Cir. 2004). More specifically, we evaluate whether a credibility determination was "appropriately based on inconsistent statements, contradictory evidences, and inherently improbable testimony . . . in view of the background evidence on country conditions." Chen v. Ashcroft, 376 F.3d 215, 223 (3d Cir. 2004) (alteration in original) (citation and quotation marks omitted). We afford an adverse credibility determination substantial deference, so long as the finding is supported by sufficient, cogent reasons. See Butt v. Gonzales, 429 F.3d 430, 434 (3d Cir. 2005). Ultimately, the adverse credibility determination "must be upheld unless the evidence not only supports a contrary conclusion, but compels it." Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001).

Because the petition here was filed before May 11, 2005, the effective date of the REAL ID Act, "minor inconsistencies" may not support an adverse credibility finding. Kaita v. Att'y Gen., 522 F.3d 288, 296 (3d Cir. 2008).[1] Discrepancies must instead involve the "heart" of a petitioner's claim. Gabuniya v. Att'y Gen., 463 F.3d 316, 321 (3d Cir. 2006).

Venue is proper in this Court because the proceedings before the IJ were completed in Newark, New Jersey. 8 U.S.C. § 1252(b)(2).

---

[1] By contrast, under the REAL ID Act, "a trier of fact may base a credibility determination ... without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

3

III.

We will deny the petition for review, as we hold that the adverse credibility determination was supported by sufficient, cogent reasons. Specifically, both the IJ and the BIA relied on a significant and material inconsistency between Yang's explanations for seeking asylum. During both the initial interview before the DHS official and the second "credible fear" interview, Yang stated that she left China to escape a forced marriage. By contrast, in her written application and subsequent oral testimony before the IJ, Yang declared that she came to the United States because of China's family planning policy and a forced abortion -- a reason that Yang did not mention during her two earlier interviews. Although this Court has cautioned against relying on inconsistencies between an initial "airport" interview[2] and subsequent testimony in making adverse credibility determinations, see Fiadjoe v. Att'y Gen., 411 F.3d 135, 159 (3d Cir. 2005), we have also held that "where the discrepancies between an airport interview and the alien's testimony 'go to the heart of the claim,' they certainly support an adverse credibility determination." Chen, 376 F.3d at 224 (quoting Xie, 359 F.3d at 246). Yang's discrepancy here pertains to her very reason for seeking asylum, and thus "go[es] to the heart of the claim," and may serve as the basis for an adverse credibility determination. Cf. Guan v. Gonzales, 432 F.3d 391, 398 (2d Cir. 2005) ("[W]here a petitioner provides two entirely different accounts of persecution -- the first in the context

---

[2] It is worth noting, however, that the IJ and BIA did not rely solely on statements made by Yang during her initial "airport" interview. As noted, they also relied on statements that Yang made at the later "credible fear interview," a detailed ninety minute question and answer session that occurred with an interpreter present.

of an airport interview, and the second during the course of a hearing before the IJ -- . . . an IJ must [] rely on the commonsense observation that it is inconsistent for a petitioner to respond to the same question about the nature of his asylum claim with two entirely different responses.").[3]

Accordingly, we hold that the record does not compel a conclusion contrary to the one reached by the IJ and the BIA. We have considered Yang's other arguments, and to the extent that they are exhausted so that we may consider them, see Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005), we conclude that they are without merit.

IV.

For the foregoing reasons, we will deny the petition for review.

---

[3] The BIA and IJ also relied on numerous other inconsistencies. For example, Yang's written statement noted that the village chief and his son came to her home twice, threw items, and hit her parents. Yang's oral testimony, however, described a wholly different incident, in which the chief brought five or six people to Yang's house (not including his son), tried to take her by force, and then beat her parents when they intervened. There were also discrepancies in regard to whether the village chief's son attempted to rape Yang.

5